## AMERICAN TRANSFER & STORAGE CO. v. RUSH et ux.   (No. 10217.)

Court of Civil Appeals of Texas. Dallas.
June 30, 1928.

Rehearing Denied July 28, 1928.

1. Warehousemen ⬅️34(4)—Allegation that goods in warehouse were damaged by negligence, carelessness, and wantonness held to state cause of action against general demurrer.

Allegation of negligence in that goods placed in warehouse under contract of storage were damaged and destroyed by reason of negligence, carelessness, and wantonness, though in the most general terms, *held* to state a cause of action as against a general demurrer.

2. Appeal and error ⬅️1040(16)—Error in overruling special exception to allegation of negligence as vague and indefinite held harmless, where supplemental petition alleged specific grounds of negligence.

Error to court in overruling special exception against allegation of negligence as vague and indefinite and failing to specify particular acts of negligence *held* harmless, where supplemental petition in reply to allegation exonerating defendant from negligence alleged specific grounds of negligence relied on so as to give defendant all the benefit as to notice that it would have had if court had sustained special exceptions and required plaintiffs to plead cause of action by amended petition.

Appeal from County Court at Law, No. 2, Dallas County; Wm. M. Cramer, Judge.

Action by S. H. Rush and wife against the American Transfer & Storage Company. Judgment for plaintiffs and defendant appeals. Affirmed.

Turner & Rodgers and C. R. Winn, all of Dallas, for appellant.

J. J. Fagan, of Dallas, for appellees.

JONES, C. J. Appellees S. H. Rush and wife recovered judgment in the sum of $500, in the county court of Dallas county at Law, No. 2, against appellant, American Transfer & Storage Company, for the destruction by fire of certain household goods placed in appellant's warehouse under a contract of storage. The appeal has been duly perfected to this court.

The case was tried to a jury, submitted on special issues, and, in response to such issues, the jury returned a verdict finding that appellant negligently failed to guard properly appellant's warehouse from fire at night, and that the negligence in this respect was the proximate cause of the loss of appellees' said property. This verdict placed the value of the property loss to appellees by reason of the fire at $500. The pleading and evidence authorized this submission, and the verdict of the jury is sustained by the evidence, and such finding is adopted as the finding of this court.

There are a number of assignments of error, but, in the opinion of this court, only the one relating to overruling appellant's special exception directed to the allegation of negligence in appellee's petition suggests any merit.

[1] The case was tried on appellees' original petition and their first supplemental petition. The original petition, after alleging the contract of storage with appellant, the resulting fire, and the character and quality of the goods stored and destroyed, this latter being by an attached exhibit made a part of the petition, alleged negligence as follows:

"That defendant took possession of said goods and thereafter, by reason of its negligence, carelessness, and wantonness, caused or permitted said goods to be damaged and destroyed, and plaintiffs have been deprived of the use and value of same to their damage in the sum of $1,000."

While this allegation of negligence is in the most general terms that could be employed, nevertheless, as against a general demurrer, it states a cause of action. Among other special exceptions directed against this allegation is that:

"Said allegation of negligence is vague, indefinite, and does not specify any particular acts of negligence on the part of this defendant. * * *"

This special exception was overruled by the court and such ruling assigned as error.

[2] To the end that it might have notice of the specific acts relied upon by appellees as constituting negligence and causing the destruction of their goods, appellant had the right to have these specific acts definitely specified in appellees' charge of negligence, and thus be enabled to prepare its defense intelligently. This it attempted to have the court require appellees to do through the special exception above referred to, and it was error for the court to overrule same. However, we have reached the conclusion that in the instant case this error became harmless. In its plea to the merits of the case in the second amended original answer, there is an allegation by appellant exonerating itself from any negligent or careless handling of appellees' goods, or in the origin of the fire. On the same date that appellant's said pleading was filed, appellees filed their first supplemental petition, and in reply to the allegation above referred to, appellees alleged specific grounds of negligence, among which is the ground that furnished the basis of the submission of negligence in the court's charge found by the jury to have existed. By means of this pleading, appellant was placed on notice of the negligent acts

alleged, the cause of the fire, and the consequent destruction of the goods. Thereby appellant was given all the benefit as to notice that would have come to it had the court sustained the said special exception and required appellees to plead their cause of action by amended petition. The evidence was within the special allegations of negligence in the supplemental petition.

While appellees could not plead their cause of action by supplemental petition, and recovery must be had on the cause of action alleged in the original petition, still this rule of law does not prevent the allegations in the supplemental petition serving the purpose of notice to appellant of the specific grounds of negligence relied upon.

We have carefully examined all the other assignments of error, with the result that we are of the opinion that this case should be affirmed.

Affirmed.